UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PATRICK HINEBAUCH,

    Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; et al.,

    Defendants.

2:10-cv-0875-LRH-PAL

ORDER

Before the court is defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); Quality Loan Service Corp. ("Quality"); Midland Mortgage Co. ("Midland"); and First Horizon Home Loan's ("First Horizon") motion for summary judgment filed on August 20, 2010. Doc. #6. Plaintiff Patrick Hinebauch ("Hinebauch") filed an opposition (Doc. #8) to which defendants replied (Doc. #9).

**I.  Facts and Background**

In August 2007, Hinebauch purchased real property through a loan executed by defendant First Horizon. The loan was secured by a mortgage note and deed of trust. Hinebauch defaulted on the loan and defendants initiated non-judicial foreclosure proceedings.

Subsequently, on June 7, 2010, Hinebauch filed a complaint against defendants alleging six causes of action: (1) fraud by omission; (2) quiet title; (3) tortious breach of good faith and fair dealing; (4) civil conspiracy; (5) unjust enrichment; and (6) declaratory relief. Doc. #1. Thereafter,

defendants filed the present motion for summary judgment. Doc. #6.

## II.     Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute;

1 there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

## III. Discussion

### A. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Hinebauch fails to allege anything more than defendants omitted important information from him during the loan process. There are no allegations of who failed to provide the information or what information was not provided. These allegations are insufficient to support a claim for fraud through omission.

### B. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, no defendant claims an interest in the property that is adverse to Hinebauch. Therefore, Hinebauch has no grounds to quiet title against the named defendants.

### C. Tortious Breach of Good Faith and Fair Dealing

Hinebauch also alleges that defendants breached their duty of good faith and fair dealing as fiduciaries in their dealings with him. Generally, a lender does not owe a borrower a fiduciary duty. *See Yerington Ford, Inc. v. General Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D. Nev. 2004). Hinebauch has failed to allege sufficient facts to establish that defendants acted as anything other than arms length lenders which does not, in itself, create a fiduciary relationship.

Absent a duty, there can be no breach. *See A.C. Shaw Constr. v. Washoe County*, 784 P.2d

3

1  9, 10 (Nev. 1989). Accordingly, Hinebauch's claim for tortious breach of a fiduciary duty fails to
2  state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

### D. Civil Conspiracy

To establish a claim for civil conspiracy, a plaintiff must establish: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, Hinebauch fails to plead a claim for civil conspiracy with the required specificity. He never identifies how each individual defendant participated or joined the conspiracy. Further, the underlying claim for his conspiracy, fraud through omission, is not pled with sufficient particularity pursuant to Rule 9 of the Federal Rules of Civil Procedure. Rather, Hinebauch merely alleges that his loan was one of many executed in violation of the Nevada state laws. Therefore, the court finds that Hinebauch has failed to sufficiently plead a claim for civil conspiracy with the requisite specificity.

### E. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As such, Hinebauch cannot make a claim in equity for actions that are controlled by a contract to

4

which he is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

### F. Declaratory Relief and Permanent Injunction

An action for declaratory relief is a remedy that may be afforded to a party after he has sufficiently established and proven his claims; it is not a separate causes of action. Here, Hinebauch's claims fail to establish a claim for relief. Accordingly, Hinebauch is not entitled to declaratory relief.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #6) is GRANTED.

IT IS FURTHER ORDERED that defendants shall file an appropriate order with the court expunging the lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 25th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE